NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

# TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

February 1, 2021

VIA eCOURTS
Joseph E. Bock, Esq.
Spiotti & Associates

VIA eCOURTS
Wesley Buirkle, Esq.
DiFrancesco, Bateman, Kunzman,
Davis, Lehrer & Flaum, P.C.

      Re:    Pradeep Kathuria and Pamela Kathuria vs Green Brook Township
              Docket No. 007949-2019

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion to dismiss plaintiff's complaint for failure to provide discovery, specifically for failure to provide an inspection of the subject property. Under the circumstances presented here, as more particularly discussed below, the court denies defendant's motion to dismiss the complaint in this matter.

Taxpayer filed an appeal of the 2019 real property tax assessment of the single family residence located at 94 Deer Run, Green Brook Township, also known as Lot 12 in Block 157 on the official tax map of Green Brook Township ("subject property") on March 31, 2019. The matter was assigned to the small claims division of the tax court. See R.8:11(a)(2)("the small claims division will hear all local property tax cases in which the property at issue is a class2 property (1-4 family residence)")


\*




On April 8, 2019 defendant served a demand for the production of discovery in accordance with R.8:6-1(a)(4). As part of that demand, defendant informed plaintiff's counsel that,

> [i]f the Township Assessor contacts your client to arrange an inspection of the property, please make sure your client cooperates with the Assessor in permitting access to the property. Please note, if the foregoing discovery and access to the property for inspection is not provided in accordance with the Court Rules, the Township will move to dismiss the tax appeal and/or bar the introduction of any evidence not provided in discovery at the time of hearing.

Answers to the demanded discovery, while due on May 8, 2019 were not produced and, as a result, on May 22, 2019 defendant notified plaintiff that if full and complete responses were not provided within 30 days, defendant would file an "appropriate application" with the court. On July 15, 2019 defendant filed a motion to dismiss plaintiff's complaint for failure to respond to discovery, however, that motion was withdrawn by defendant's counsel on July 25, 2019 by correspondence indicating that plaintiff had provided discovery.

Although defendant's initial demand for discovery, served April 8, 2019, informed plaintiff that an inspection might be required, no demand for an inspection was actually made. The discovery demand merely advised that if the plaintiff was contacted by the assessor, access to inspect the property would be required. Despite the fact the assessor did not contact plaintiff for that purpose, plaintiff advised defendant that access for inspection would be provided during the period July 29, 2019 through August 9, 2019. Despite such offer, defendant's tax assessor did not contact plaintiff for an inspection at that time. In fact, it does not appear that there was any attempt by the assessor to contact the plaintiff. Instead, on October 31, 2019, more than two months after plaintiff responded to defendant's demand, counsel for defendant asked plaintiff's counsel for "plaintiff's contact information so the assessor [could] schedule an inspection of the property." Thereafter, defendant made several additional demands for dates to inspect, however, an inspection

was not arranged. Plaintiff sold the subject property in December 2019 and no longer has the ability to provide access. Access is further complicated by the impact of the onset of the COVID19 pandemic.

R. 8:6-1(a)(6)(i) provides that discovery in a small claims matter in the tax court is to be completed "within 75 days of the filing of the complaint." Response to a demand for discovery of the limited items permitted in a small claims action is to be completed within 30 days of the date the request is served. Id. Here the specified date for the completion of discovery was June 14, 2019. Defendant timely served its demand for discovery on April 8, 2019, however, plaintiff failed to timely respond to those demands, necessitating a motion which was subsequently withdrawn by defendant. Notably, although defendant notified plaintiff that its tax assessor might contact plaintiff for an inspection, no such contact was made and no demand for an inspection was actually served until October 31, 2019 more than 120 days beyond the discovery end date, and more than 60 days after plaintiff provided defendant with an opportunity to inspect, an opportunity to which defendant did not respond.

The court recognizes that it may be difficult to arrange an inspection within the limited period of time provided by the Rule in this matter (75 days from the date of filing of the complaint). The court also recognizes that plaintiff in this matter failed to timely respond to defendant's discovery demands. Nonetheless, defendant did not actually demand an inspection, and did not attempt to arrange for an inspection, until well after discovery was to have been completed.

Here defendant merely suggested that "if" the plaintiff was contacted by the tax assessor, plaintiff was to make the property available. Thereafter, defendant failed to respond to plaintiffs' offer to make the subject property available for that purpose and did not make any actual demand

to inspect until well after the discovery end date. Now plaintiffs are no longer in a position to provide access to the subject property for an inspection.

Defendant argues that the onus is upon plaintiff to provide discovery in the form of an inspection. While true, an appropriate and timely demand for inspection must first be made. Nothing in the court rules, nor in any case law provided by defendant, countenances the process employed by defendant. Moreover, plaintiff is not refusing to provide access for an inspection, plaintiff is unable to do so because it now no longer owns the subject property. Plaintiff in fact made the subject property available for an inspection, an offer to which defendant failed to respond.

The court acknowledges defendant's argument that when plaintiffs sold the subject property they could have bargained with the purchaser for a post-sale inspection. It appears that they did not do so, however, as noted had defendant availed itself of the opportunity to inspect when offered, such an arrangement would not have been necessary.

Under the circumstances presented here, the court finds that good cause exists to deny defendant's motion to dismiss plaintiff's complaint in this matter. Defendant's motion is denied.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.